FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SHIPBOARD ELECTRICAL & AIR, INC.

    Plaintiff,

vs.

CASE NO: 3:11-cv-582-J-32MCR

NEWCASTLE SHIPYARDS, L.L.C. AND
TYNESIDE YACHTS, LTD.

    Defendants.

_____/

### PLAINTIFF SHIPBOARD ELECTRICAL & AIR, INC.'S COMPLAINT

COMES NOW Plaintiff, Shipboard Electrical & Air, Inc. ("SEA"), and for its complaint against Defendants, Newcastle Shipyards, L.L.C. ("Newcastle") and Tyneside Yachts, Ltd. ("Tyneside") avers as set forth below.

### JURISDICTION AND VENUE

1. SEA is a corporation formed pursuant to the laws of the State of Alabama with its principal place of business in Mobile County, Alabama.

2. Upon information and belief, Newcastle is a limited liability company formed pursuant to the laws of the State of Florida with its principal place of business in the State of Florida.

3. Upon information and belief, Tyneside is a limited partnership or other business entity formed pursuant to laws other than those of the State of Alabama with its principal place of business outside the State of Alabama.

{MB027341.1}

4. This is an action by SEA to recover the principal sums of $100,292 and $157,319.44 for work performed for Newcastle on two vessels in Newcastle's yard. Additionally, upon information and belief, the vessels made subject to SEA's liens each have a value in excess of $20,000,000. The amount in controversy exceeds $75,000, exclusive of interest and costs and the citizenship of SEA is diverse from the citizenship of all Defendants. Accordingly, this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

5. The contracts underlying this action provided for SEA to perform work for Newcastle in Putnam County, Florida and SEA in fact provided the work for which it seeks payment in Putnam County, Florida, within this District. The vessels on which SEA worked and made the basis of its liens are situated in Putnam County, Florida, within this District. Accordingly, venue is proper in this District pursuant to 28 U.S.C. § 1391(c).

## FACTS

6. On or about January 3, 2009, SEA made a contract with Newcastle to provide services in connection with the construction of a 129 foot Sparkman and Stephens Motor Yacht, Hull No. 1004, a/k/a MY SAFIRA ("MY SAFIRA"). Upon information and belief, Tyneside contracted with Newcastle for the construction of MY SAFIRA and is the buyer and/or owner of that vessel. Accordingly, Tyneside is made a party hereto with respect to SEA's lien on MY SAFIRA.

7. In or about June, 2009, SEA entered into a contract with Newcastle to perform services on a 149 foot Tri-Deck Yacht, Hull No. 1005, a/k/a Project ALPHA ("ALPHA"). Newcastle is the owner of the ALPHA and/or is acting as a contractor for the owner of the ALPHA.

8. From March, 2009 to April, 2011 SEA furnished electrical design, project management, and electrical installation services in the construction of MY SAFIRA. SEA remains unpaid for a portion of the electrical installation services performed on MY SAFIRA in the amount of $106,292. SEA has given notice to Newcastle and Tyneside that it remains unpaid for such work in said amount, and has recorded a Claim of Lien against MY SAFIRA and her tackle, apparel and furniture to secure payment of said sum.

9. From June, 2009 to May, 2011, SEA provided engineering/design, project management, and piping and electrical installation services in the construction of the ALPHA, for which SEA remains unpaid in the amount of $157,319.44. SEA has given Newcastle notice that it remains unpaid in said amount for said work, and has recorded a Claim of Lien against the ALPHA and her tackle, apparel, and furniture to secure payment of said sum.

## FIRST CAUSE OF ACTION
(Breach of Contract on MY SAFIRA)

10. SEA incorporates and reavers the allegations in paragraphs 1 through 9 above as if fully set out herein.

11. Newcastle breached its contract with SEA by failing to pay SEA the sum of $106,292 for electrical installation services performed by SEA on MY SAFIRA. SEA has been damaged as a result of such breach in the amount of $106,292, plus prejudgment interest thereon.

WHEREFORE, SEA demands judgment for compensatory damages in the amount of $106,292, plus interest, together with attorneys' fees and the costs of this action, as a result of Newcastle's breach of contract as to MY SAFIRA.

{MB027341.1}

## SECOND CAUSE OF ACTION
(Breach of Contract on the ALPHA)

12. SEA incorporates and reavers the allegations in paragraphs 1 through 11 above as if fully set out herein.

13. Newcastle breached its contract with SEA by failing to pay for electrical design, project management, and piping and electrical services provided by SEA on the ALPHA in the amount of $157,319.44. SEA has been damaged by such breach in the amount of $157,319.44, plus prejudgment interest thereon.

WHEREFORE, SEA demands judgment against Newcastle in the amount of $157,319.44, plus interest, together with attorneys' fees and the costs of this action, as a result of Newcastle's breach of contract as to the ALPHA.

## THIRD CAUSE OF ACTION
(Account Stated as to MY SAFIRA)

14. SEA incorporates and reavers the allegations in paragraphs 1 through 13 above as if fully set out herein.

15. SEA rendered statements of the work performed and resulting balance to defendants, and defendants did not object.

16. SEA is entitled to recover from Newcastle the sum of $106,292, plus prejudgment interest thereon, on an open account, as an account stated, and/or for work and labor done on MY SAFIRA.

WHEREFORE, SEA demands judgment against Newcastle in the amount of $106,292, plus interest, together with attorneys' fess and the costs of this action, on an open account, as an account stated, and/or for work and labor done on MY SAFIRA.

4

{MB027341.1}

## FOURTH CAUSE OF ACTION
(Account Stated as to the ALPHA)

17. SEA incorporates and reavers the allegations in paragraphs 1 through 15 above as if fully set out herein.

18. SEA rendered statements of the work performed and resulting balance to defendants, and defendants did not object.

19. SEA is entitled to recover from Newcastle the sum of $157,319.44, plus prejudgment interest thereon, on an open account, as an account stated, and/or for work and labor done on the ALPHA.

WHEREFORE, SEA demands judgment against Newcastle in the amount of $157,319.44, plus interest, together with attorneys' fees and the costs of this action, on an open account, as an account stated, and/or for work and labor done on the ALPHA.

## FIFTH CAUSE OF ACTION
(Enforcement of Lien Against MY SAFIRA)

20. SEA incorporates and reavers the allegations in paragraphs 1 through 17 above as if fully set out herein.

21. Pursuant to Florida Statutes Section 713.60, SEA has a lien against MY SAFIRA, her tackle, apparel and furniture, as a result of having performed labor on MY SAFIRA in the form of electrical installation services for which it remains unpaid in the amount of $106,292. SEA has given notice to Newcastle and Tyneside of its lien on MY SAFIRA and has duly recorded its Claim of Lien as to MY SAFIRA with the Clerk of Courts in Putnam County, Florida.

5

{MB027341.1}

22. As of this filing, SEA remains unpaid in the amount of $106,292 for electrical services labor performed on MY SAFIRA.

23. SEA brings this action to enforce its lien against MY SAFIRA as a result of being unpaid in the amount of $106,292 for electrical services performed on said vessel. SEA requests entry of judgment in favor of SEA in the amount of $106,292, plus interest thereon and all other sums to which it may entitled in the premises, and that an order be entered authorizing levy against MY SAFIRA and that said vessel be sold to satisfy SEA's lien.

WHEREFORE, SEA demands judgment against Newcastle and Tyneside on SEA's lien against MY SAFIRA that SEA is entitled to recover $106,292, plus prejudgment interest, costs, and all other sums to which it may be entitled, and that an order be entered authorizing levy against MY SAFIRA and that the vessel be sold to satisfy SEA's lien.

### SIXTH CAUSE OF ACTION
(Enforcement of Lien Against the ALPHA)

24. SEA incorporates and reavers the allegations in paragraphs 1 through 21 above as if fully set out herein.

25. Pursuant to Florida Statutes Section 713.60, SEA has a lien against the ALPHA, her tackle, apparel and furniture, as a result of having performed labor on the ALPHA in the form of engineering/design, project management, and piping and electrical installation services for which it remains unpaid in the amount of $157,319.44. SEA has given notice to Newcastle of its lien on the ALPHA and has duly recorded its Claim of Lien as to the ALPHA with the Clerk of Courts in Putnam County, Florida.

26. As of this filing, SEA remains unpaid in the amount of $157,319.44 for services performed on the ALPHA.

27. SEA brings this action to enforce its lien against the ALPHA as a result of being unpaid in the amount of $157,319.44 for services performed on said vessel. SEA requests entry of judgment in favor of SEA in the amount of $157,319.44, plus interest thereon, and all other sums to which it may entitled in the premises, and that an order be entered authorizing levy against the ALPHA and that said vessel be sold to satisfy SEA's lien.

WHEREFORE, SEA demands judgment against Newcastle on SEA's lien against the ALPHA that SEA is entitled to recover $157,319.44, plus prejudgment interest, costs, and all other sums to which it may be entitled, and an order be entered authorizing levy against the ALPHA and that the vessel be sold to satisfy SEA's lien.

Date: June 15, 2011.

Respectfully submitted,

By: /s/ *signature*
Melissa A. Campbell
Fla. Bar No. 0032090
Trial Counsel
Jones, Walker, Waechter, Poitevent,
Carrere & Denegre, L.L.P.
601 Brickell Key Drive
Suite 500
Miami, FL 33131
Tel. (305) 679-5700
Facsimile (305) 679-5710
mcampbell@joneswalker.com
Attorneys for Plaintiff
Shipboard Electrical & Air, Inc