UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SHIPBOARD ELECTRICAL & AIR, INC.,

          Plaintiff,

vs.                                            Case No.  3:11-cv-582-J-32MCR

NEWCASTLE SHIPYARDS, L.L.C. and
TYNESIDE YACHTS, LTD.,

          Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Production of Documents (Doc. 60) filed September 7, 2012.  Defendants filed a Response in Opposition to Plaintiff's Motion to Compel (Doc. 61) on September 24, 2012.  Accordingly, this matter is now ripe for judicial review.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts. See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983, 986-87 (1958).  Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention.

Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility." Middle District Discovery (2001) at 1.[1]

Here, Plaintiff seeks financial statements, tax returns, and loan agreements from Defendants. (Doc. 60, pp. 3-4). The allowable scope of discovery is set forth in Rule 26(b), Federal Rules of Civil Procedure, which provides in pertinent part:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). Although the scope of allowable discovery is broad, it is not boundless. Capone v. Estate of Ison, 2008 WL 2277507, *4 (S.D. Fla. May 30, 2008). "Requested discovery must be relevant, and it must not impose undue burden or be unreasonably cumulative, under the tests described in Rule 26(b)(2)(c)." Id. Thus, in order to prevail on its Motion to Compel, Plaintiff must demonstrate that the information sought is "relevant" as Rule 26 defines the term. Capone, 2008 WL 2277507, *4 (denying motion to compel because the requested tax returns would not reveal the information for which the defendant sought them).

---

[1] Motions to compel disclosures and other discovery under Federal Rule of Civil Procedure 37(a) are committed to the sound discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. See Westrope, 730 F.2d at 731.

Florida protects an individual's expectation of privacy in financial records. Ochoa v. Empresas ICA, 2012 WL 3260324, *6 (S.D. Fla. Aug. 8, 2012). Accordingly, a party's financial information is not ordinarily discoverable, unless the documents themselves, or the status they evidence, is at issue in the case. Friedman v. Heart Institute of Port St. Lucie, Inc., 863 So. 2d 189, 194 (Fla. 2003); see also Gallina v. Commerce and Indus. Ins., 2008 WL 3895918 (M.D. Fla. Aug. 15, 2008) ("In light of the proprietary nature of the financial worth information sought, and the statutory protections against discovery of such information, it is recommended that this court defer discovery of Defendant's financial records until it is deemed necessary.").

At issue in this case is whether Plaintiff is entitled to additional monies for what Defendants allege was subpar work performed under a contract to provide electrical engineering, design, and installation work on the luxury yacht, M/Y ALPHA. See (Docs. 32, 39, 42). Plaintiff's stated reason for the requested discovery is to show that Defendant lacked funds to pay Plaintiff "due to mismanagement or improper budgeting." (Doc. 60, p. 2). That rationale is not sufficient to support the requests for financial documents because it bears no relevance to the claims at issue. [2] Thus, the Court finds the requested documents are unlikely to lead to the discovery of admissible evidence at this time.

Accordingly, after due consideration, it is

---

[2] In support of its contention that the requested documents are discoverable, Plaintiff cites Gary v. E. Frank Miller Construction Co., 430 S.E.2d 182 (Ga. App. 1993). However, this case does not concern a discovery dispute over financial records. Rather, the court had to determine if it was error for the trial court to admit evidence of other contractors' liens against the home owners. 430 S.E.2d at 183-84.

**ORDERED:**

Plaintiff's Motion to Compel Production of Documents (Doc. 60) is **DENIED.**

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  28th  day of September, 2012.

*[signature]*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record